**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 CR 865 |
| | ) | |
| DUNWON LLOYD, DAVID COUSINS, and | ) | |
| MICHAEL COUSINS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of Dunwon Lloyd to vacate his plea agreement and withdraw his guilty plea.  For the reasons explained below, the motion is denied.

**DISCUSSION**

Dunwon Lloyd moves to "vacate" his plea agreement and withdraw his guilty plea.  The government filed a response to Lloyd's motion.  Lloyd was given time to file a reply brief and did not do so.  After reading the motion and the government's response, we gave Lloyd another opportunity to file a reply because the government raised significant counterarguments.  Lloyd has filed that reply, so the motion is now ready for ruling.

Lloyd must show a "fair and just reason" to withdraw his guilty plea.  See United States v. Weathington, 507 F.3d 1068, 1071 (7th Cir. 2007); Fed. R. Crim. P. 11(d)(2)(B).  When there has been

a "thorough" Rule 11 colloquy (as there was with Lloyd),[1] a defendant seeking to withdraw a plea faces an "uphill battle." See United States v. Bennett, 332 F.3d 1094, 1099 (7th Cir. 2003). When ruling on a motion to withdraw a guilty plea, we have three options: permit the withdrawal of the plea, conduct an evidentiary hearing, or deny the motion with an explanation as to why the evidence is insufficient or incredible. United States v. Rinaldi, 461 F.3d 922, 927 (7th Cir. 2006).

Lloyd contends that due to ineffective assistance of counsel, his guilty plea was not entered into knowingly or voluntarily. In order to succeed on such a claim, he must "show that the advice on which his plea was predicated not only was not within the range of competence demanded of attorneys in criminal cases," but also that he was prejudiced in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." United States v. Standiford, 148 F.3d 864, 869 (7th Cir. 1998). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." United States v. Trussel, 961 F.2d 685, 690 (7th Cir. 1992) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)). Lloyd asserts that his previous counsel was ineffective in two

---

[1] Lloyd, under oath, assured this court that he had read and signed the plea agreement, that he had gone over the agreement with his attorney, and that he understood it. (Tr. of Change of Plea Hrg. at 2-3.) During the colloquy, we discussed with Lloyd in detail, and he admitted, the facts supporting his guilty plea. (Tr. at 4-8.) We asked Lloyd if he was satisfied with counsel's representation, and he replied in the affirmative. (Tr. at 16.)

respects: (1) she "never adequately explained to him" that he might be able to assert an entrapment defense; and (2) she should have advised him not to plead guilty until this court had ruled on his then-pending motion for discovery concerning selective prosecution. (Lloyd's Mot. at 2.)

**Entrapment**

Lloyd maintains in his motion and affidavit in support of his motion that counsel did not adequately explain to him that he might be able to claim entrapment. "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To raise an entrapment defense, a defendant must show evidence for each of the two prongs of entrapment: government inducement of the crime and a lack of predisposition on defendant's part to engage in the crime. United States v. Haddad, 462 F.3d 783, 790 (7th Cir. 2006).

In its response, the government notes, correctly, that Lloyd's motion does not even attempt to articulate how the facts of this case would form the basis of an entrapment defense. The government argues that Lloyd would not be able to meet the inducement prong of the defense because it was Lloyd's co-defendant David Cousins, and not a government agent, who initially approached Lloyd about

robbing a drug stash house. (Lloyd acknowledged in his plea agreement that he "was recruited by David Cousins.") The government further argues that even if Lloyd could show inducement, he would be unable to show that he lacked the predisposition to commit the crimes. In his reply, Lloyd contends that an entrapment defense was possible because an undercover government agent "recruit[ed] the person who recruited the [d]efendant," and he notes that the plea agreement stated that "David Cousins told Lloyd that the undercover agent wanted David Cousins to assemble a crew to rob a drug stash house." Lloyd adds that the undercover agent personally met with Lloyd. (Lloyd's Reply at 4.)

It is true that there is no defense of "private entrapment," but the Seventh Circuit has recognized a limited defense of "derivative entrapment"--"when a private individual, himself entrapped, acts as agent or conduit for governmental efforts at entrapment." See United States v. Hollingsworth, 27 F.3d 1196, 1204 (7th Cir. 1994). Although Lloyd hints at this type of defense, he fails to cite Hollingsworth or to explain how this theory might succeed here. But even assuming that Lloyd could show government inducement, he fails to persuade us that an entrapment claim would have succeeded at trial because he completely fails to address predisposition, even after the government presented argument concerning this prong in its response. Predisposition is the prong of entrapment that the Seventh Circuit has observed is

"often [] the more efficient place to start."  <u>United States v.</u>
<u>Pillado</u>, 656 F.3d 754, 764 (7th Cir. 2011).[2]  There is evidence of
predisposition in Lloyd's criminal history as well as the facts he
admitted during the plea colloquy, which actually show eagerness to
engage in the crime.  We doubt that there is any evidence of his
reluctance to engage in the crime, but in any event, defendant has
waived the argument.

**Selective Prosecution**

On May 24, 2013, Lloyd's previous counsel filed a motion for
discovery concerning selective prosecution, which sought entry of
an order directing the government to produce several categories of
information concerning the targeting of minority persons and the
use of informants in stash-house investigations.  Less than a month
later, and before we could substantively address the motion,
counsel informed us that Lloyd wanted to plead guilty, so we set a
change-of-plea hearing.  The hearing occurred on July 17, 2013.
After the plea colloquy and the entry of Lloyd's guilty plea, the
prosecutor asked that the discovery motion be withdrawn or denied
as moot in light of the plea.  Counsel replied that it could be
denied as moot, and we indicated that it was therefore denied as

---

[2] The "predisposition" prong requires an evaluation of several factors:
(1) the defendant's character or reputation, including criminal history; (2)
whether the government initially suggested the criminal activity; (3) whether the
defendant engaged in the criminal activity for profit; (4) whether the defendant
showed a reluctance to commit the offense that was overcome by government
persuasion; and (5) the nature of the inducement or persuasion by the government.
<u>United States v. Hall</u>, 608 F.3d 340, 343 (7th Cir. 2010).  "No single factor
controls, but most significant is whether the defendant was reluctant to commit
the offense."  <u>Pillado</u>, 656 F.3d at 766.

moot.[3]  (Tr. at 17.)

Lloyd now asserts that his previous counsel was ineffective by failing to advise him to hold off on entering any guilty plea until we had ruled on his pending discovery motion.  In his reply brief, Lloyd argues that at the time he entered his plea, his previous counsel had knowledge of "several other cases throughout the Northern District of Illinois in which similar motions were filed and awaiting rulings," Reply at 6, and notes that since then, a number of our colleagues presiding over those cases have allowed at least some selective-prosecution discovery.

The issue is whether a selective-prosecution defense likely would have succeeded, and there is no indication that it would have, even assuming that the discovery motion would have been granted.  "[A] selective prosecution claim is a *rara avis* . . . [and] the standard for proving [it] is particularly demanding." Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 489 (1999); see also United States v. Moore, 543 F.3d 891, 899 (7th Cir. 2008) (defendants claiming selective prosecution face a "formidable obstacle").  We agree with the government that given the unlikely prospect of success on this defense and the strength of the evidence against Lloyd, counsel's advice to plead guilty and withdraw the discovery motion was within the range of competence

---

[3] Through an oversight, this ruling was not reflected in any of the court's minute orders, so we will enter a separate order terminating the motion as moot.

demanded of attorneys in criminal cases.  It matters little that Lloyd was unaware that similar discovery motions were pending in other cases; he was well aware that his own motion was pending at the time he chose to plead guilty.  Apparently, after a similar discovery motion was granted (at least in part) by another court in this district, Lloyd simply changed his mind about his odds with a jury.  But that is not a "fair and just" reason for withdrawing a guilty plea.  See United States v. Scott, 63 F. App'x 267, 270 (7th Cir. 2003).

## CONCLUSION

The motion of defendant Dunwon Lloyd to vacate the plea agreement and withdraw his guilty plea [91] is denied.


DATE:     February 27, 2014


ENTER:    _____

          John F. Grady, United States District Judge